```
_____ FILED        _____ LODGED
_____ RECEIVED     _____ COPY

       SEP 17 2002

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**United States of America**

v.

**Kajo Holliday**
Aliases: none
Post Office Box 474
Mexican Hat, UT 84531

USM#: 48651-008    DOB: 8/19/74    SSN: 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    INS#: none

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

**No. CR 01-01030-003-PCT-FJM**

Philip Seplow (Appointed)
Attorney for Defendant

**THERE WAS A** verdict of guilty as to a lesser offense of Count ONE of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, USC §1112 and 1153, Involuntary Manslaughter, lesser included offense, Crime on an Indian Reservation, Class D felony, as charged in Count ONE of the Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **SIXTY-THREE (63) MONTHS** on Count ONE, with credit for time served in the district court. The Court finds the defendant is not entitled to credit for time served in the tribal court. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on Count ONE. The Court recommends to the Bureau of Prisons that the defendant participate in a substance abuse treatment program. The Court further recommends if at all possible that the defendant be placed in an institution in Arizona or in the southwestern United States.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk, U.S. District Court, Attn: Finance, Suite 130, 401 West Washington St., SPC 1, Phoenix, Arizona 85003-2118, the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00    **FINE:** $0    **RESTITUTION:** $7,447.15

The Court finds the defendant does not have the ability to pay and orders the fine waived.

All monetary penalties are due immediately or in regular monthly installments. If incarcerated, payments shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance shall become a condition of supervision and shall be paid within 90 days of the expiration of supervision.

The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count ONE of the Superseding Indictment.

Restitution shall be paid to the following victims in the following amounts:

/135/

CR 01-01030-003-PCT-FJM                                                                 Page 2 of 4
USA vs. Kajo Holliday

| | |
|---|---|
| Charlotte Begay | $2,447.15 |
| Arizona Crime Victims' Compensation Program | 5,000.00 |

If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk of the U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. The Court hereby waives the imposition of interest and penalties on any unpaid balance. The defendant's restitution obligation shall be paid jointly and severally with other defendants in this case until full restitution is paid.

Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **THREE (3) YEARS** on Count ONE.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

<u>For offenses committed on or after September 13, 1994</u>: The defendant shall refrain from any unlawful use of a controlled substance. Pursuant to 18 USC §3563(a)(4) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

The defendant shall comply with the standard conditions of supervision:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Possession of controlled substances will result in mandatory revocation of your term of supervision. If ordered by the Court to participate in a drug and/or alcohol abuse treatment program, you shall totally abstain from the use of any alcoholic beverages or other intoxicants during and after the course of your treatment.
9) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
10) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

Case 3:01-cr-01030-FJM   Document 135   Filed 09/10/02   Page 3 of 5

CR 01-01030-003-PCT-FJM                                                Page 3 of 4
USA vs. Kajo Holliday

12) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
13) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
15) You shall refrain from possessing a firearm, destructive device, or other dangerous weapon. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases unless special condition imposed by Court.
16) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and at least two periodic substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(4) and 3583(d);
17) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
18) The balance of any financial obligation ordered by this Court shall be paid in regular monthly installments approved by the probation officer, the full amount to be paid 90 days prior to expiration of supervision. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

The defendant shall also comply with the following special conditions:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You shall submit to search of person, property, vehicles, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction of, the probation officer.

3. You shall provide the probation officer access to any requested financial information.

4. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

5. You shall abstain from all use of alcohol or alcoholic beverages.

**UNLESS PREVIOUSLY WAIVED, THE DEFENDANT IS ADVISED OF THE RIGHT TO APPEAL THE IMPOSED SENTENCE BY FILING A NOTICE OF APPEAL WITHIN 10 DAYS FROM THE IMPOSITION OF SENTENCE.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervise release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons.

Case 3:01-cr-01030-FJM   Document 135   Filed 09/10/02   Page 4 of 5

CR 01-01030-003-PCT-FJM                                                Page 4 of 4
USA vs. Kajo Holliday

Date of Imposition of Sentence: **Tuesday, September 10, 2002**

_____ Date _Sept. 13, 2002_

FREDERICK J. MARTONE, United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____      By:_____
United States Marshal                                       Deputy Marshal

**CC: USA/CNSL(Philip Seplow)/PROB(2)/PTS/FIN/JUDGE/USM(2 certified)/Order Book**

CR 01-01030-003-PCT-FJM  - Milton Wagon

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

## ELECTRONIC CERTIFICATION

I hereby attest and certify on September 17, 2002
that the foregoing document is a full, true and correct copy of the original
on file in my office and in my custody.

CLERK, U. S. DISTRICT COURT
DISTRICT OF ARIZONA

By _____ Deputy Clerk

Electronic Certification Issued pursuant to General Order 99-3

Verification Code_VZDRSVvnXwW_